The COMMONWEALTH, ex rel. OLWINE, *v.* FORD.

Under the act of the 16th April, 1838, a deputy marshal of the United States is incompetent to hold the office of commissioner of the Incorporated District of Penn, though there are no fees or perquisites annexed to office.

THIS was a *quo warranto* issued at the instance of Olwine and others, to Athanasius Ford, requiring him to show by what warrant he claimed to exercise the office of commissioner of the District of Penn.

The relators suggested the acts of Assembly and the supplement by which the district was incorporated, by the title of "commissioners and inhabitants," &c.; that in pursuance thereof, the said Ford was elected to the said office in 1845, and afterwards assumed the said office; that by the act of Congress of 1789, the offices of marshal and deputy marshal of the Pennsylvania district were created, and the form of an oath given; that subsequently the Eastern district was established; that, in pursuance thereof, a mar-

shal was appointed, &c., who deputed said Ford to be deputy marshal in 1844, who was duly sworn, entered on the said office, and received the emoluments, up to the time of filing the suggestion; that by the constitution of this Commonwealth, and the act of April 16, 1838, it was declared that "no person holding an office under the government of the United States be allowed to serve as a member of city councils, commissioner of a district, or burgess;" that, notwithstanding the premises, the said Ford continued to hold the said office of commissioner, &c.

The respondent, admitting that he held the two offices, averred that no fees or perquisites of any kind were paid to him, nor do any such belong to the appointment in question. He further stated, that the appointment of deputy marshal is not an appointment of trust or profit under the United States; that the act of 1838 was repealed by the act of July 2, 1839; and that it is contrary to the constitution of the State to exclude from office under the United States any persons but those holding offices in the State to which a salary, fees, or perquisites are attached.

*H. M. Watts*, for the relators.—If the appointment of deputy marshal is an office under the United States, the respondent is plainly disabled from holding that of commissioner by sect. 8, art. 6, of the constitution of this State, and the act of April 16, 1838, sect. 38, Pamph. Laws. p. 598. He is recognised as an officer by the act of 1789, (1 Story, 62,) which requires him to take an oath of office. By that of 1790, (1 Story, 88, sect. 22,) it is made penal to resist him in serving process. United States *v.* Morrow, 2 Wash. C. C. R. 169. So he may be indicted for extortion. Act of 1792, sect. 7. It is immaterial that he is appointed by the marshal— as has been recognised in the case of inspectors of the customs, who are appointed by the collector. United States *v.* Sears, 1 Gall. 215; United States *v.* Bachelder, 2 Gall. 15; United States *v.* Phelps, 4 Day, 469. If the public is interested in the performance of the duties, he is an officer. United States *v.* Maurice, 2 Brock, 102.

*J. Murray Rush* and *Perkins*, for respondent.—The legislature cannot enlarge the class of offices which are to be incompatible beyond the constitutional provision, which, being in derogation of private rights, is to be strictly construed. Commonwealth *v.* Binns, 17 Serg. & Rawle, 219. But the act relied on is repealed by the act of 1839, sect. 13, art. 3, which is a general legislative enactment on the subject, and must be taken to supply all former acts. This of-

fice is not, however, within the letter or the spirit of the constitution or statute; it is not one of trust or profit; he is the mere agent of the marshal, who is not bound to appoint him, but may perform the duties himself. Wheeler *v.* Hambright, 9 Serg. & Rawle, 394. The definition in 2 Black. Com. 36, of "an officer," is, one who has a right to exercise a public office and take the fees. These all appertain to the marshal.

*March* 17. BURNSIDE, J., (after stating the admission by the answer.)—Is the place of deputy marshal an office under the Constitution and laws of the United States?

It is not an office named in the Constitution; but it is otherwise in the act of Congress of September 24, 1789, to establish the judicial courts of the United States, 1 Story, Laws U. S. 62. Sect. 27 provides "that a marshal shall be appointed in and for each district, for the term of four years, but shall be removable from office at pleasure, whose duty it shall be to attend the District and Circuit Courts, when sitting therein, and also the Supreme Court, in the district in which that court shall sit, and to execute throughout the district all lawful precepts directed to him and issued under the authority of the United States; and he shall have power to command all necessary assistance in the execution of his duty, *and to appoint, as there shall be occasion, one or more deputies,* who shall be removable from office by the judge of the District Court or the Circuit Court sitting within the district, at the pleasure of either. And before he enters on the duties of his office, he shall become bound for the lawful performance of the same, by himself *and by his deputies,* before the judge of the District Court, to the United States, jointly and severally, with two good and sufficient sureties, inhabitants and freeholders of such district, to be approved by the district judge, in the sum of twenty thousand dollars; and shall take, before such judge, *as shall also his deputies,* before they enter on the duties of their appointment, the following *oath of office:* I, A. B., do solemnly swear, or affirm, that I will faithfully execute all lawful precepts directed to the marshal of the district of ———— under the authority of the United States, and true returns make, and in all things well and truly, and without malice or partiality, perform the duties of the office of marshal (or marshal's deputy, as the case may be) of the district of ————, during my *continuance in office,* and take only my lawful fees. So help me God."

This act of Congress obliges the marshal, before he enters on

the duties of his office, to become bound for himself and deputies; the deputy takes the same oath as his principal, to perform the duties of the *office of deputy marshal* for the proper district during his continuance in office. The act further provides, (section 28,) that, in case of the death of the marshal, the deputy shall continue in office, unless otherwise specially removed, and execute the office in the name of the deceased; and if he is guilty of a malfeasance after the death, the bond of the principal covers it, until a new marshal is sworn into office. No one who reads this act can doubt that Congress has made deputy marshals officers of the judicial department of the government of the United States. Deputy marshals have been so recognised by the Circuit Court, in the case of the United States *v.* Lowry, 2 Wash. C. C. R. 169. The defendants were indicted for obstructing the marshal in the execution of a writ of *habere facias possessionem.* The writs were delivered to a deputy marshal. On the trial, he produced his commission from the marshal, and certificate that he had taken the oath prescribed by the act of Congress. Violence to the deputy, in the execution of his duty, was held resistance to the marshal of the United States.

2. The amended constitution of Pennsylvania bears date the 22d of February, 1838. Section 8, article 6, declares: "No member of Congress from this State, or any person holding or exercising any office of trust or profit under the United States, shall at the same time exercise or hold any office in this State to which a salary is or fees or perquisites are by law annexed; *and the legislature may by law declare what State offices are incompatible."*

Section 38 of the act of April 16, 1838, regulating election districts, (Pamph. Laws, 598,) declares that "no inspector, judge or other officer of any election shall be eligible to any office at such election; nor shall any person holding an office under the general or state government be an inspector, judge, or other officer of any such election; nor shall any person holding an office under the government of the United States be allowed to serve as a member of the city councils, *commissioner of a district,* or burgess."

This act would meet the case of the respondent; but, lest there should be a doubt on the subject, section 13 of the act of July 2, 1839, (Pamph. Laws, 521,) directs the sheriff to "give notice that every person, excepting justices of the peace, who shall hold any office or appointment of profit or trust under the government of the United States, or of this State, or of any city *or incorporated district,* whether a commissioned officer or otherwise, a subordinate officer or agent, who is or shall be employed under the legislative,

executive, or judiciary department of this State, or of the United States, or of any city or incorporated district; also, that every member of Congress and of the State legislature, and of the select or common council of any city, or commissioner of any incorporated district,—is by law incapable of holding or exercising at the same time the office or appointment of judge, inspector, or clerk of any election of this Commonwealth; and that no inspector, judge or other officer of any such election, *shall be eligible to any office to be then voted for.*"

The counsel of the respondent contend these acts go beyond the constitution of the state, and abridge the citizen of his rights, but this is not so; the legislature have express power, by the amended constitution, to declare by law what state offices are incompatible with offices and appointments held under the general government. The constitution is not to receive a technical construction; it is to be interpreted so as to carry out the principles of the government; 8 Watts & Serg. 386. There is no state in this Union, whose people and government have been more jealous of state rights than the people and government of Pennsylvania. We are all of opinion that the relators are entitled to judgment.

Judgment of ouster.