# S. G. DeTURK v. COMMONWEALTH.

ERROR TO THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 22, 1889—Decided November 12, 1889.

[To be reported.]

1. Under § 2, article XII. of the constitution of Pennsylvania, the offices of postmaster and county commissioner are incompatible offices, although the legislature has not as yet declared them so to be.
2. The titles to the two offices not being from a common source, an acceptance of the office of county commissioner by one who holds an appointment as postmaster, does not create a vacancy in the latter office.
3. But where a postmaster has accepted the office of county commis-

sioner, and after proceedings on quo warranto begun, yet before answer filed, he resigns the former office, judgment of ouster as to the latter may not then be entered: Commonwealth v. Pyle, 18 Pa. 519, explained and distinguished.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and McCOLLUM, JJ.

No. 276 January Term 1889, Sup. Ct.; court below, No. 274 November Term 1888, C. P.

On October 24, 1888, W. J. Whitehouse, district attorney, filed his suggestion and relation averring, in substance:

That on November 8, 1887, Samuel G. DeTurk was elected to the office of county commissioner, to which office a salary of $2.50 per day was attached by law; that he gave bond and entered upon the duties of said office and the receipt of the salary thereof; that at the time of his said election, and at the time of his entry upon the duties of said office, he held and continued to hold the office of postmaster at DeTurkville in said county, and he was therefore disqualified from holding said office of county commissioner; praying for a writ of quo warranto, etc.

The writ having been awarded and served, the respondent, on December 3, 1888, filed an answer admitting his election to the office of county commissioner and his assumption of the duties thereof; also, that at the time of his said election he held the appointment of postmaster at DeTurkville; but averring that on November 13, 1888, he had resigned said office of postmaster, and that he was now advised, "that he never at any time held and exercised any office or appointment of trust and profit under the United States, which was or is incompatible with the office and duties of the office of county commissioner, within the intent and meaning of § 2, article XII. of the constitution of the commonwealth of Pennsylvania, and of the act of the general assembly of the commonwealth of Pennsylvania, approved May 15, 1874, P. L. 186."

To the foregoing answer the relator demurred that it was insufficient in law, and prayed judgment.

On January 14, 1889, after argument, the court, GREEN, J., filed the following opinion and judgment:

The respondent in the case, being the postmaster of DeTurkville, in the township of Washington, was elected in the fall of 1887 a county commissioner, and having been duly sworn in, has occupied and filled the office of county commissioner since January, 1888. At the instance of E. W. Frehafer, the district attorney has instituted the proceeding by quo warranto, to try the right of the respondent to hold the office of county commissioner, on the ground that by the constitution he cannot be postmaster and commissioner at one and the same time. Prior to the filing of an answer by the respondent, he resigned his office as postmaster, which resignation was duly accepted by the proper authorities. These are the facts in the case and they are not disputed.

The second section of article XII. of the constitution of Pennsylvania, provides that "no member of congress from this state, nor any person holding or exercising any office or appointment of trust or profit under the United States, shall at the same time hold or exercise any office in this state to which a salary, fees, or perquisites shall be attached. The general assembly may by law declare what offices are incompatible."

A postmastership under the United States is undoubtedly an office of profit, for the law provides compensation for the officer. In the present case, it is an office of very small profit, indeed, for the compensation does not exceed the sum of thirty dollars annually; nevertheless it must be classed as an office of profit. The office of county commissioner is one to which a salary is attached, the law providing a per diem pay of two dollars and fifty cents. Under the plain reading of the law it would seem clear that the respondent cannot be both postmaster and county commissioner.

But it is claimed by the counsel for the respondent, that the concluding sentence of the section which provides that "the general assembly may by law declare what offices are incompatible," is such a modification of the preceding part, as makes it incumbent on the legislature to pass a law making these offices incompatible, before the preceding part would be operative; and that in the absence of such a law no writ of quo warranto would lie. I cannot feel the force of the argument, even though it has been most stoutly contended for. The constitutional prohibition would amount to nothing at all,

for it would leave the matter in the hands of the general assembly, to do with as it might deem proper. The clause might as well have been omitted as being entirely nugatory, if the constitutional prohibition is not to be the guide, but some law on the subject which the legislature may or may not pass.

The evident purpose in giving the legislature power to declare what offices were incompatible, was not to restrict the operation of the first part of the clause, but was intended to give power to declare what state offices were incompatible with each other, and with offices under the United States not coming under the designation of offices to which salaries, fees or perquisites attached, or offices under other states and countries. Any other construction would make the latter clause nullify the former. That this must be the construction of the clause is well illustrated by the case of Commonwealth v. Ford, 5 Pa. 67, arising under the constitution of 1838. Ford was deputy U. S. marshal and commissioner of the district of Penn; and upon a quo warranto, he claimed that he was entitled to hold both offices, because no salary, fees or perquisites pertained to the office of commissioner, and that therefore he did not come within the constitutional prohibition. But to this it was answered, that whilst this was true, yet the legislature had by act of April 16, 1838, declared that "no person holding an office under the government of the United States shall be allowed to serve as a member of city councils, commissioner of a district, or burgess," and that his disqualifications were not under the clause in the constitution, but under the act declaring the offices incompatible.

When the present case was before the court it was argued as though the main question was one of the incompatibility of offices, and that defendant might either hold both, so long as no law of the state declared them incompatible; or, if they were incompatible per se, then the acceptance of the second office raised the presumption of a resignation of the first, and that the act of May 15, 1874, P. L. 186, upon the subject, did not declare the offices held by the respondent incompatible. A great many authorities both English and American were cited upon the questions arising from the incompatibility of offices, and whilst the law as decided by the different courts seems to be uniform

and in accordance with the contention of the defendant, yet it has no bearing upon the case before the court. It is not a question of incompatibility or the reverse. It is simply a question of constitutional prohibition. The cases have therefore no relevancy in deciding this case.

It was further argued that the constitution of the state was not self-executing, and that the clause relating to public offices was inoperative until the legislature passed some law to carry its provisions into effect. This is not true as a general rule, and certainly not, as to matters contained in that instrument which in their very nature may be enforced without further legislation. What legislation was required to make the clause operative, was not pointed out to us. We see no difficulty in enforcing this clause without the aid of additional legislation.

But what effect does the resignation of the respondent as postmaster, and its acceptance by the proper authorities, have upon the question? Has he thereby qualified himself to hold the county office?

It is true he was disqualified when he took upon himself the duties of the office and was sworn in, and also when the writ of quo warranto was issued, but why may he not make himself competent by a subsequent resignation? Having put himself in the position of holding only one office, has he not conformed to all that the constitution requires, that he shall not "at the same time hold or exercise" the two offices. The law does not declare him ineligible because he held the office under the general government. It merely says he shall not hold both at the same time. If this question were one of first impression, my own inclination would be to hold that having removed the disqualification, he could retain the state office, because the requirements of the constitution would have been complied with. But what few authorities I have been able to gather, seem to rule that the disqualification must be removed before the officer is sworn in and enters upon the duties of the second office. In the case of the Commonwealth v. Pyle, 18 Pa. 519, the opinion of the court was delivered by Chief Justice BLACK, and that eminent judge decided that " when the constitution or a statute declares that certain disqualifications shall render a person ineligible to an office, he must get rid of his disqualification before he is appointed or elected. Such have been the decisions

of Congress in the contests there.   But if the law merely for-
bids him to hold or enjoy the office, or exercise its duties, it is
sufficient if he qualifies himself before he is sworn.   A man
may hold one office after he has been chosen to another which
is incompatible with it, without thereby forfeiting either of
them, provided he resigns the first before he enters upon the
duties of the last."

It would clearly follow from this that a resignation of the
first office, long after entering upon the duties of the second,
is too late, and will not cure the disqualification.   Probably the
law is so declared, in order to remove the temptation of illegally
holding on to two or more offices at the same time as long as
possible, and only relinquishing at the last moment by a re-
signation enforced by the fear of an ouster.   The constitutions
of all or nearly all the states contain provisions similar in their
nature to our own.   They are intended to carry out the well
defined policy of keeping distinct and separate the respective
functions of national and state government.   It is for the pur-
pose of preventing any encroachments of the one upon the
other, and particularly of the general upon the state govern-
ment, that these clauses are inserted in state constitutions;
so that state officers shall have no divided, or perchance, no
inconsistent or incompatible duties to perform.   This is the
general principle, and we are bound to carry it out in the admin-
istration of the law, even though it hits so humble a personage
as the postmaster of DeTurkville, in the county of Schuylkill.
No objection is made to his competency or to his honesty; nor
is it even hinted that there is danger that the relations between
the state and federal government are about to be disturbed
by allowing him to retain both offices, or that the cause of free
government may receive a shock by permitting one and the
same person to handle the mails at DeTurkville, and at the
same time act as a county commissioner.   But the law is no
respecter of persons.   All are subject to its mandates, and
whether the office be great or small, there is no exception to
limit it or control the operation of the general principles.

In the case of Privott v. Bickford, 40 Am. Rep. 301, the
same principle is laid down as was decided by Judge BLACK in
Commonwealth v. Pyle.   It was there decided that "although
one elected to an office may, at the time of election, be politi-

cally disqualified from holding the office, yet, if such disqualification be removed before the issuing of the certificate and taking possession of the office, he may legally hold it." See also Foltz v. Kerlin, 105 Ind. 231 (55 Am. Rep. 197) and 4 B. Mon. (Ky.) 224 and 499.

From what we have already said, it seems clear that the commonwealth is entitled to judgment in the present case with costs. It is but proper to say that this is the unanimous conclusion of the court.

And now, January 14, 1889. Judgment of ouster against the defendant, and that the commonwealth recover her costs, to be taxed according to law.

The respondent then took this writ specifying that the court erred:

1. In sustaining complainant's demurrer to respondent's answer.

2. In not sustaining respondent's answer as good and sufficient in law.

3. In deciding that the office of county commissioner was incompatible with that of postmaster.

4. In not deciding that, if incompatible, the office of postmaster became vacant when respondent became commissioner, and that he was entitled to retain the latter office.

5. In holding that the respondent after having resigned his postmastership before filing his answer, was still disqualified to act and serve as county commissioner.

6. In entering judgment of ouster against the respondent.

*Mr. John W. Ryon* and *Mr. A. W. Schalck* (with them *Mr. S. H. Kaercher*), for the plaintiff in error:

1. The constitution manifestly intended to leave it to the legislature to declare what minor federal offices should be considered incompatible with the state or local offices, for it is expressly stated: "The general assembly may by law declare what offices are incompatible." The word "may" in this sentence is imperative, and it must be read "shall": 2 Rapalje & L., L. Dict., 806; Commonwealth v. Gable, 7 S. & R. 426; Shaeffer v. Jack, 14 S. & R. 429; Mason v. Fearson, 9 How. 259; Supervisors v. United States, 4 Wall. 446; Minor v. Me-

chanics Bank, 1 Pet. 46, 64; Worcester v. Schlesinger, 16 Gray 168; People v. Supervisors, 51 N. Y. 401.

2. The constitution does not enforce itself, but requires legislative action to make its provisions effective: Commonwealth v. Clark, 7 W. & S. 127; Commonwealth v. Maxwell, 27 Pa. 444; Lehigh Iron Co. v. Lower Macungie Tp., 81 Pa. 482; Indiana Co. v. Agricultural Soc., 85 Pa. 357; Perot's App., 86 Pa. 335; Commonwealth v. Harding, 87 Pa. 343; Coatesville Gas Co. v. Chester Co., 97 Pa. 476; Commonwealth v. Handley, 106 Pa. 245; Bredin's App., 109 Pa. 337; Cahill's Pet., 110 Pa. 167; Evans v. Phillipi, 117 Pa. 226.

3. The rule is, that where two offices are incompatible with each other, the acceptance of the second office ipso facto vacates the first, and the officer may lawfully continue to exercise the second office: McCreary's Am. Law of Elections, §§ 238, 239, 240, 241, 242, 243; Brightly's Election Cases (Duffield's Case), 646; 1 Dillon on Mun. Corp., 184, §§ 164, 165, 166, and notes; Wilcock on Mun. Corp., §240; Angell & Ames on Corp., §§ 430, 431; Queen v. Mayor of Bangor, 18 Q. B. Div. 360; Rex v. Goodwin, Dougl. 383, n. 22; Milward v. Thatcher, 2 Term R. 87; Rex v. Pateman, 2 Term R. 779; Rex v. Trelawny, 3 Burr. 1616; State v. Brickerhoff, 66 Tex. 45; Schell v. Cousins, 77 Va. 328; Pooler v. Reed, 73 Me. 129; State v. Goff, 15 R. I. 505.

4. Yielding to the authority of Commonwealth v. Pyle, 18 Pa. 519, the judge below reluctantly decided that the ineligibility dated back to the day when Mr. DeTurk entered upon his office as commissioner; and, having then been ineligible, he could not by subsequently resigning his post-office qualify himself. There is nothing in the nature of these cases that requires such a harsh rule, and for the benefit of the citizen who unwittingly puts himself in such a predicament, the law ought to be liberally and generously expounded.

*Mr. Wm. Wilhelm* and *Mr. John H. Nash* (with them *Mr. W. J. Whitehouse*), for the commonwealth:

The permissive power given in the second sentence of § 2 of article XII. of the constitution, has been exercised by the legislature in declaring certain offices incompatible. This permissive power, however, has been chiefly exercised in declaring

what offices within the state are incompatible. The legislature has fully recognized that the constitution makes all offices under the national government incompatible with all offices under the commonwealth; and, while we have laws that are but repetition in substance of that which the constitution has already provided for, that is no reason why the constitution does not mean what it says. This case comes clearly within the ruling of the Commonwealth v. Pyle, 18 Pa. 519.

OPINION, MR. JUSTICE McCOLLUM:

Section 2 of article XII. of the constitution of Pennsylvania provides that "no member of congress from this state, nor any person holding or exercising any office or appointment of trust or profit under the United States, shall, at the same time, hold or exercise any office in this state to which a salary, fees, or perquisites shall be attached. The general assembly may, by law, declare what offices are incompatible."

Samuel G. DeTurk was on November 8, 1887, duly elected a commissioner of Schuylkill county, and on the first Monday of the following January executed the required bond, took the oath, and entered upon the duties, of that office. At the time of his election he was holding, by appointment, the office of postmaster at DeTurkville, in said county; and he continued to discharge its duties until November 13, 1888, when he resigned, and his successor was appointed. On October 24, 1888, upon the suggestion of the district attorney of said county that DeTurk was then holding the office of county commissioner, an office in this state to which a salary is attached, and the office of postmaster, an office of trust and profit under the United States, a writ of quo warranto was ordered, requiring the said Samuel G. DeTurk to appear and show by what authority he claimed to exercise the office of county commissioner in the said county of Schuylkill. An answer was filed December 3, 1888, admitting the foregoing facts, but denying that the offices were incompatible, within the intent and meaning of the constitution and the act of May 15, 1874, P. L. 186. To this answer a demurrer was filed on January 10, 1889, and upon the issue thus joined the cause was heard, and on January 14, 1889, a judgment of ouster was entered against the defendant.

The contention of the plaintiff in error embraces three propositions: (1) These offices are not incompatible, because the legislature has not yet declared them to be so; (2) if they are incompatible, an acceptance of the second office is an implied resignation and vacation of the first; (3) an express resignation of the first office, before answer and hearing, is a sufficient compliance with the constitutional provision.

The constitution plainly prohibits any person holding an office of trust or profit under the United States from holding at the same time an office in this state to which a salary is attached; and it as plainly provides that the legislature may by law declare what offices are incompatible. The prohibition and the permission or direction are contained in the same section, but in separate sentences of it. Is the former inoperative by reason of the latter? Does the section, as a whole, mean that no person can hold these offices at the same time, if the legislature shall declare them incompatible? We cannot so construe it. The prohibition may be enforced without legislative aid, and no action or inaction of the legislature can destroy it. This construction does not render the last sentence of the section useless, because that relates to offices not within the constitutional prohibition, and authorizes the legislature to declare them incompatible: Commonwealth v. Ford. 5 Pa. 67.

We next inquire whether DeTurk forfeited and created a vacancy in the office of postmaster by accepting and entering upon the duties of the office of county commissioner. In considering this question, regard must be had to the fact that the former is an office under the government of the United States, and the latter an office under the state government. If the titles to these offices were derived from a common source, it might well be held that an acceptance of the second office was an implied resignation and vacation of the first. This is the common law rule, and the current of authority in this country sustains it. But the state cannot declare the federal office vacant, nor remove the incumbent from it. It may, however, enforce the constitutional provision by proceedings to test his title to the office he holds under its laws, and it may remove him from that office, if he does not surrender the office he holds under the government of the United States. It follows from these views that at the time of the institution of this suit

DeTurk had not an indefeasible title to the office of county commissioner, because he was then in actual possession, and exercising the functions, of an office of trust and profit under the United States.

Did his formal resignation and complete surrender of it, before answer, place him in accord with the constitution, and perfect his title to the office of county commissioner? By accepting it, and entering upon its duties, he elected to hold it. This election was confirmed by his express resignation of the office of postmaster, and the appointment of his successor, before issue was joined. When he appeared, in obedience to the mandate of the writ, he was not holding an office of trust or profit under the United States. The judgment of ouster, therefore, rests on an alleged forfeiture resulting from a prior holding of the two offices at the same time. But, as the acceptance of the second office was an implied resignation of the first,— an election to hold the former and to surrender the latter,—it did not forfeit respondent's title to the office which he so elected to hold and exercise. This case depends entirely upon the construction of the constitutional provision against the holding of incompatible offices, as it is not covered by any statute. The constitution makes these offices incompatible; but it does not prescribe a penalty, or declare a forfeiture. We are of opinion that when issue was joined in this case the respondent had a valid title to the office of county commissioner, and that it was error to enter judgment of ouster. Commonwealth v. Pyle, 18 Pa. 519, is not in conflict with this conclusion. It merely decided that a stockholder in a bank could not hold the office of notary public, because, by the act of April 14, 1840, the legislature had so declared. What was there said with reference to incompatible offices was not necessary to the determination of the question before the court.

Judgment reversed.