## Commonwealth ex rel. Attorney-General v. Brownmiller.

*Public officers—Incompatible offices—Representatives in State Legislature — County commissioner — Elective officers — Resignation from one office to assume another—Act of May 15, 1874.*

1. Where a representative in the state legislature is elected to the office of county commissioner, he may qualify himself for the latter office by first resigning from his office of representative. There is nothing in the Act of May 15, 1874, P. L. 186, which prevents him from so doing.

2. It is manifest from the language of the Act of May 15, 1874, that the legislature intended to make a distinction between appointive and elective officers and ineligibility to office and holding of office.

Suggestion for writ of *quo warranto*. C. P. Schuylkill Co., Sept. T., 1924, No. 277.

R. P. Hicks and *Francis Shunk Brown*, for relator.

R. A. Freiler and *John B. McGurl*, for defendant.

BECHTEL, P. J., Nov. 24, 1924.—On Nov. 7, 1922, Roy W. Brownmiller was elected a member of the House of Representatives for a term of two years, commencing Dec. 1, 1922, and qualified and assumed the duties of that office.

On Nov. 6, 1923, he was a candidate for, and was elected to, the office of County Commissioner of Schuylkill County for a term of four years, commencing the first Monday of January, 1924.

On Dec. 3, 1923, he resigned his office as a member of the House of Representatives.

On Dec. 24, 1923, he took the oath of office as county commissioner and entered upon the discharge of his duties as county commissioner on the first Monday of January, 1924.

Commonwealth ex rel. Attorney-General v. Brownmiller.

On July 28, 1924, a suggestion for a writ of *quo warranto* was filed in this court, together with an order of court allowing the issuance of the writ, making it returnable Sept. 8, 1924. Issue was properly joined on the writ.

The question is whether or not the respondent is holding the office of county commissioner in violation of the Act of May 15, 1874, P. L. 186. This act provides: "No senator or representative shall, during the time for which he shall have been elected, be appointed to any civil office under this Commonwealth; and no member of Congress or any other person holding office, except of attorney-at-law or in the militia, under the United States or this Commonwealth, shall be a member of either House during his continuance in office. They shall receive no other compensation, fees or perquisites of office for their services from any source, nor hold any other office of profit under the United States, this State or any other state."

There is no dispute as to the facts in this case. It is contended by counsel for the relator that, under the provisions of this act, the respondent is ineligible to hold the office of county commissioner and was ineligible to be elected to the same. It will be noted that the first clause of the act is a re-enactment of the constitutional provision and prohibits the *appointment* of any senator or representative during the time for which he shall have been elected. There is nothing contained therein relative to elections to office. We feel that the extension of this language to elective offices would be judicial legislation, and that we would have no right to add thereto something which it was the evident intention of the legislative body to omit. The last sentence of the act prohibits the *holding of* any other office of profit under the United States, this State or any other state, but this sentence does not contain the clause "during the time for which he shall have been elected." We do not understand by what rules of grammatical construction it would be proper for us to insert the clause "during the time for which he shall have been elected" into the last sentence.

It is manifest, from the language of the act, that it was the intention of the legislature to make a distinction between appointive and elective offices and ineligibility to office and the holding of office. We feel, therefore, that the plain language of the act does not render the respondent ineligible to the office of commissioner, even though it may prohibit the holding of the office of county commissioner and that of representative.

In Com. v. Pyle, 18 Pa. 519, it is said: "Where the Constitution or a statute declares that certain disqualifications shall render a person ineligible to an office, he must get rid of his disqualification before he is appointed or elected. Such have been the decisions of Congress in the contests there. But if the law merely forbids him to hold or enjoy the office, or exercise its duties, it is sufficient if he qualifies himself before he is sworn. A man may hold one office after he has been chosen to another which is incompatible with it without thereby forfeiting either of them, provided he resigns the first before he enters upon the duties of the last. Members of the State Senate have often sat in that body after their election as members of Congress; and judges of the Common Pleas have continued in the discharge of their functions as such after being commissioned as judges of the Supreme Court."

This question was considered very carefully by our own court and the Supreme Court in the case of De Turk v. Com., 129 Pa. 151. In this case the respondent held the office of postmaster and commissioner at one and the same time and resigned the office of postmaster subsequent to the issuing of the writ of *quo warranto*, but prior to issue being joined thereon. In considering this case, the Supreme Court said:

Commonwealth ex rel. Attorney-General *v.* Brownmiller.

"If the titles to these offices were derived from a common source, it might well be held that an acceptance of the second office was an implied resignation and vacation of the first. This is the common law rule, and the current of authority in this country sustains it. . . . It follows from these views that at the time of the institution of this suit De Turk had not an indefeasible title to the office of county commissioner, because he was then in actual possession, and exercising the functions, of an office of trust and profit under the United States.

"Did his formal resignation and complete surrender of it, before answer, place him in accord with the Constitution and perfect his title to the office of county commissioner? By accepting it and entering upon its duties, he elected to hold it. This election was confirmed by his express resignation of the office of postmaster, and the appointment of his successor, before issue was joined. When he appeared in obedience to the mandate of the writ, he was not holding an office of trust or profit under the United States. The judgment of ouster, therefore, rests on an alleged forfeiture resulting from a prior holding of the two offices at the same time. But, as the acceptance of the second office was an implied resignation of the first—an election to hold the former and to surrender the latter—it did not forfeit respondent's title to the office which he so elected to hold and exercise. This case depends entirely upon the construction of the constitutional provision against the holding of incompatible offices, as it is not covered by any statute. The Constitution makes these offices incompatible, but it does not prescribe a penalty or declare a forfeiture. We are of opinion that when issue was joined in this case the respondent had a valid title to the office of county commissioner, and that it was error to enter judgment of ouster."

In Com. ex rel. Gast *v.* Kelly, 255 Pa. 475, in approving Com. *v.* Pyle, 18 Pa. 519, it is said: "Where a statute declares that certain disqualifications shall render a person ineligible to an office, he must get rid of his disqualification before he is appointed or elected; but if the law merely forbids him to hold or enjoy the office, or exercise its duties, it is sufficient if he qualifies himself before he is sworn. . . . A man may hold one office after he has been chosen to another which is incompatible with it without thereby forfeiting either of them, providing he resigns the first before he enters upon the duties of the last."

In this case the respondent resigned his first office before he took the oath or assumed the duties of the second. Counsel for the relator, in his argument, stated that he did not attack the validity of this resignation; but, even if he did, it seems to us too clear for argument that it was the intention of the respondent to give up the first office before assuming the second. Both of these offices being derived from the same source, it seems to us, under the decisions hereinbefore quoted, that his action in this case was sufficient to divest himself of the first office and render himself eligible to hold the second.

We have examined carefully every authority cited by counsel for the relator, they being almost entirely the decisions of the courts of sister states, and we find nothing therein contained that would change the conclusion that we have here reached. We are, therefore, of opinion that the respondent is legally entitled to hold the office of county commissioner.

And now, Nov. 25, 1924, the writ of *quo warranto* heretofore directed to issue in this case is hereby dismissed, at the costs of the relator.

From M. M. Burke, Shenandoah, Pa.