## Commonwealth ex rel. Fetzer v. Nyman.

*Quo warranto—Motion to quash—Suggestion—Conflicting statement of fact.*

1. The quashing of a writ of *quo warranto* will be allowed only for substantial defects apparent on the face of the proceedings.

2. Such writ will not be quashed for a defect in the information, for this is amendable.

3. An objection to a defect in the suggestion, to be effective, must be such as goes to the foundation of the proceeding.

4. Where a motion to quash a writ of *quo warranto* sets up statements of fact, contrary to those contained in the suggestion of the relator, the former having been sworn to, while those of the motion to quash are not, the court must accept the statements of the suggestion as true and direct the respondent to file an answer to the merits.

Motion to quash writ of *quo warranto*. C. P. Centre Co., Feb. T., 1927, No. 108.

*Spangler & Walker*, for relator; *Gettig & Bower*, for respondent.

POTTER, P. J., 17th judicial district, specially presiding, Jan. 2, 1928.—This is a motion to quash the writ of *quo warranto* instituted by the relator against the respondent.

From the pleadings in the case we gather that one John A. Mann was the duly elected, qualified and acting collector of taxes for the Township of Curtin, in Centre County; that on Aug. 10, 1926, because of physical infirmities, he resigned his said office; that on Aug. 24, 1926, the Commissioners of Centre County appointed the relator, Orvis M. Fetzer, as tax collector to fill the vacancy thus created, who legally qualified and gave bond for all taxes by him collected, except for the school taxes of said township, which bonds were duly approved by the court of Centre County.

That this appointee informed the School Board of Curtin Township of his appointment, and that they notified him that they required of him a bond in

### Commonwealth ex rel. Fetzer v. Nyman.

the sum of $3600 with corporate surety thereon; that he immediately took steps to furnish the bond to them by applying to the American Surety Company of New York for the bond thus required of him; that immediately upon receiving the bond from the said surety company, to wit, on Sept. 27, 1926, he tendered the bond to the school board, which was refused by them, although no objection was made to the amount of it or to the surety.

That, after the tender to them of the said bond, the said school board delivered to him the tax duplicate of the school taxes remaining unpaid for the year 1926; that on Oct. 25, 1926, he again mailed to this school board the said bond, which was not returned to him.

In the absence of proof to the contrary, we must presume that this bond was received in due course of mail by the school board, and its retention by them must be regarded as an acceptance of it, which, as we view the question, would constitute this relator as the duly constituted tax collector of the school taxes of Curtin Township. But we are not called to pass upon this question in these proceedings.

It seems that subsequently, the exact time of which we do not know nor can we ascertain from the pleadings, this school board appointed the respondent as collector of the school taxes of Curtin Township, who has collected a part thereof. The relator has also collected some of them, has tendered checks for the same to the school board, which checks were returned to him. He has, therefore, brought this action to determine whether he or the respondent is the legal collector of taxes for this township.

No answer was filed to the petition or to the writ, but, instead, we have a motion to quash the writ, by which proceeding we have before us only one side of this contention. The quashing of the writ will be allowed only for substantial defects apparent on the face of the proceedings: Com. v. Getz, 16 Pa. C. C. Reps. 278. We are of the opinion that in order to quash the writ there must be some irregularity in the proceedings by reason of which they become a nullity. Nor can we quash it for a defect in the information, for this is amendable (Com. v. Commercial Bank of Pennsylvania, 28 Pa. 383; Com. v. Swank, 79 Pa. 154), and the defect, if any in the suggestion, must be such as goes to the foundation of the proceeding: Com. v. Steelton Mutual Relief Ass'n, 2 Dauphin Co. Reps. 200. And the denial of a fact stated in the suggestion will not be considered in a motion to quash: De Turk v. Com., 129 Pa. 151.

The motion to quash does not set up any irregularities in the proceedings. It does, however, set up statements of fact the opposite of those contained in the suggestion of the relator, which are sworn to, while those of the motion to quash are not. Wherefore, in these proceedings, we must accept the statements of the suggestion. At all events, it is not our function in this proceeding to pass upon the merits of the case; however, we could very well do so. Either we will or will not quash, and we think we have hereinbefore stated the law governing the quashing of the writ.

With all due respect to the learned and respected counsel for the respondent, we must say in all fairness that we do not think sufficient grounds for quashing the writ have been set up, and we find none in the entire proceedings. We think the reasons set up involve questions of fact which are the subjects of proper proof at the hearing in open court between the contending parties, when each can produce his proof in maintaining his contention.

And now, to wit, Jan. 2, 1928, the motion to quash is dismissed and the respondent is directed to file his answer to the merits of the case within the legal and usual period of time.