## Commonwealth ex rel. District Attorney v. Snyder.

*Unger & Sons* and *J. A. Welsh,* for plaintiff; *C. C. Lark,* for defendant.

STROUSS, P. J., and LLOYD, J., Aug. 20, 1928.—The object of this proceeding is to test the right of A. L. Snyder to the office of Township Treasurer of Coal Township. It was instituted upon the suggestion of Edward Raker, district attorney of this county, representing:

1. That at an election held by the board of township commissioners on Feb. 27, 1928, Abe L. Snyder, defendant above named, was elected to the office of Treasurer of Coal Township.

2. That the election of said Abe L. Snyder as township treasurer is illegal and void, because

(a) The meeting of Feb. 27, 1928, at which said election was held, was not a regular meeting of the board of commissioners, but a special meeting, called without due notice in accordance with law and the ordinances of said township.

(b) No proper notice setting forth the time, place and purpose of said meeting was given to all the Commissioners of said Township of Coal.

(c) Under the law and ordinances of said Township of Coal, the treasurer of the township can only be elected at a regular meeting of the board.

(d) Said Abe L. Snyder was elected to said office by commissioners who were not eligible or qualified to hold the office of township commissioners in Coal Township.

(e) Said Abe L. Snyder did not receive a majority of the votes of the Commissioners of Coal Township who were duly qualified and eligible to act as such commissioners.

(f) Said election was brought about by said Abe L. Snyder through fraud, illegal conspiracy, bribery and corrupt solicitation.

11. That, under the law and under the rule of public policy, the said Abe L. Snyder, who at the time of his election was solicitor for said Commissioners of said Township of Coal, was, and still is, ineligible for said office of treasurer. That the office of township treasurer and township solicitor are incompatible.

Upon this suggestion, a writ of *quo warranto* issued on July 18, 1928, returnable to July 23, 1928. On the said return-day the defendant answered, averring the legality of the election, denying the charges of "fraud, illegal conspiracy, bribery and corrupt solicitation," admitting that he was then holding the office of solicitor of the Board of Commissioners of Coal Township, but denying ineligibility to the office of township treasurer by reason of such holding, and averring, further, that he had tendered his resignation as township solicitor and that the said resignation was accepted by the board of township commissioners prior to the filing of his answer.

We shall consider the several questions in the order in which they are enumerated in paragraph 2 of the suggestion, *supra*.

The first three assignments, (a), (b), (c), may be considered together. There is no ordinance of Coal Township and neither is there any law ordaining that the election of a treasurer of Coal Township can or must be made only at a regular meeting of the board of township commissioners. It was, therefore, within the power of the board to call a special meeting for that purpose and to effectuate the purpose by the election of a township treasurer: The Modern Law of Municipal Corporations, vol. 1, § 279, page 274. Pursuant to written notices stating the object of the meeting to be "for the purpose of electing a treasurer for the Township of Coal to fill the unexpired term of James P. McCormick, deceased," and which were served upon all members of the board excepting such as had prior knowledge thereof, the special meeting was held. All members were present and participated in the said election. Whatever, if any, irregularities may have existed in the notices were cured by the presence and participation of the full board; for "no proof of notice is necessary when all members are present at the special meeting. When

every member has actual personal notice, this is equivalent to written notice left at his residence:" 28 Cyc., 329.

As to the ground of complaint under section *(d)* of paragraph 2 of the suggestion, *supra*. It is admitted that Clyde Castetter, one of the township commissioners voting for the defendant, had not paid a State or county tax within two years prior to his election as such commissioner. He was elected at a general election by the electors of his district, qualified and was acting as commissioner, was in possession of the office and discharging the duties thereof when he voted for the defendant. His vote, together with six others, constituted the majority of the board, resulting in the election of the defendant to the office of township treasurer. What, then, is the legal effect of his vote?

That he was an officer *de facto* cannot be gainsaid. This being the case, his acts are "valid when they concern the public, or the rights of third persons who have an interest in the act done: The People *v.* Collins, 7 Johns. Rep. 554; King *v.* Lisle, Andrews's Rep. 163. And this rule has been adopted to prevent a failure of justice. . . . The reason given for the rule is most satisfactory. That the act of an officer *de facto*, where it is for his own benefit, is void, because he shall not take advantage of his want of title, which he must be cognizant of; but where it is for the benefit of strangers or the public, who are presumed to be ignorant of such defect of title, it is good:" King *v.* Philadelphia County, 154 Pa. 160, 169.

As to the ground of complaint under section *(f)*. This complaint may be dismissed with the observation that it is not sustained by the evidence.

As to the ground of complaint under paragraph 11 of the suggestion, *supra*. That the offices of township solicitor and township treasurer are incompatible is conceded. In considering the contentions and the arguments of counsel for the respective parties, however, a distinction which is fundamental must be noted between that class of cases in which a disqualification appears because of a statutory disability to hold a particular office and the class of cases in which a disqualification appears because of incompatibility in the offices sought to be held. A failure to keep in mind this distinction results in confusion of thought and in apparent conflict of the authorities when no such conflict exists. In the former, the disqualification arises because of personal ineligibility, while in the latter it arises merely because of incompatibility in the functions of the offices. In Mosby et al. *v.* Armstrong et al., 290 Pa. 517, 524, Mr. Chief Justice Moschzisker, having given due consideration to the case of Com. *v.* Pyle, 18 Pa. 519, 521, in delivering the opinion of the court, lays down the true rule for the former class of cases as follows: "It is sufficient if the candidate becomes qualified before the time arrives for him to assume the post in question." While in the latter class of cases the true rule seems to be that the candidate must determine the office which he intends to hold, and, in the event of his failure to do so, the proper court will make the election for him. And this election by the candidate may be made at any time before judgment of ouster. This conclusion is sustained by the case of Com. ex rel. Ryan *v.* Haeseler, 161 Pa. 92, wherein Mr. Justice Williams, presumably with the case of Com. *v.* Pyle, *supra*, before him (it being cited in the brief of the appellee of that case), and after reviewing the case of De Turk *v.* Com., 129 Pa. 151, said: "In this case, no election was made because, under the advice of counsel, it was believed that the offices were not incompatible. When that question was determined against him, we think the appellant should have been allowed to elect which of the incompatible offices he would resign. If he declined or neglected to make such election, it

would have been the duty of the court to determine which he should be compelled to relinquish." Similarly, in the case of Com. ex rel. v. Bennett, 233 Pa. 286, the lower court entered a decree requiring the defendant "to elect forthwith which place he would hold, and that, upon such election, judgment of ouster should be entered accordingly, or upon neglect or refusal to make an election defendant should be ousted from the office of common councilman." Upon appeal, the decree of the lower court was affirmed. And the Supreme Court then entered a decree "that the respondent, who has heretofore claimed the right to hold both of said offices at the same time, is required to elect forthwith, upon notice of this decree, which of said offices he will hold, and file his election with the prothonotary." See, also, S. G. De Turk v. Com., 129 Pa. 151. Moreover, in the present case the defendant, prior to the filing of his answer, had resigned his position as solicitor of the board of township commissioners. The case is, therefore, within the rule established in the case of S. G. De Turk v. Com., 129 Pa. 151, and reaffirmed in the case of Com. ex rel. Ryan v. Haeseler, supra, where it was said: "In De Turk v. Com., 129 Pa. 151, this principle was recognized. De Turk was a postmaster. While holding the office he was elected to the office of county commissioner. The two offices were incompatible. De Turk made no election, but continued to discharge the duties of both offices until the writ of quo warranto was served upon him. He then elected to hold the office of commissioner, and accordingly resigned the post-office. In his answer he set up these facts, and we held that he had the right to elect, and, having made his election before judgment of ouster, he could rightfully hold the office of county commissioner."

For the foregoing reasons, we hold that Abe L. Snyder is entitled to hold the office of Treasurer of Coal Township, and, hence, enter the following

Decree.—And now, Aug. 20, 1928, the writ of quo warranto is hereby dismissed. From C. M. Clement, Sunbury, Pa.