## Director of State Planning Board

ARNOLD, Deputy Attorney General, January 2, 1935.—You have asked us whether certain State departments may place on their payrolls and pay salary to a man who is designated as director of the State Planning Board under the following circumstances:

At the request of the National Resources Board of the Federal Government, the Governor appointed a State Planning Board, consisting of the Secretaries of Welfare, Labor and Industry and Forests and Waters, the Superintendent of Public Instruction, the Budget Secretary, a member of the House of Representatives, the Executive Director of the State Emergency Relief Board, and two private citizens. He prescribed the duties of the board to be:

"the preparation of a preliminary plan for Pennsylvania containing a program of public works for 10 years or more, a plan for a coördinated transportation system, a general classification of the State into areas of suitable land use, and other studies such as housing, power, government reorganization, and the like."

The creation of the board was not authorized by any act of assembly.

The man in question did some work for the board for a period of 17 days prior to October 11th. On that day the Federal Government appointed him to the position of consultant for the National Resources Board at a salary of $25 a day, which he has received since that time. The State Planning Board has designated him as its director, but he will continue to draw his Federal salary.

You say that the board is of the opinion that the director should be paid from State funds for the 17 days of work he did in Pennsylvania before October 11th and also that the State ought to pay him a salary of $125 a month in addition to his Federal salary. Your inquiry is whether such payments may be made.

In reply to our inquiry as to the nature of the duties of the director you say that he "is supervising the preparation of a report which the State Planning Board aims to deliver to the Governor. . . . This report deals with education, welfare, forests, water resources, industry, employment and other questions. In composing the section of the report on these various subjects and in making

plans therefor, [he] works with the various [State] departments. It is considered that the plans that are being made are of considerable help to the various departments."

The director's work during the 17 days prior to October 11th was of the same kind.

If the director may be paid from State funds, it is proposed to have him placed on the payrolls of the Departments of Welfare, Public Instruction, Forests and Waters, and Labor and Industry.

First, as to payment for this man's services prior to October 11th.

You do not say whether, during the period prior to October 11th for which he wants the State to pay him, the director was in the pay of the Federal Government in any capacity. If he was, then what we shall have to say about payment of salary after that date will be equally applicable to salary for the preceding period. For the moment we shall assume that for the 17 days immediately before October 11th he was not on any Federal payroll.

As we have said, the State Planning Board was created by the Governor at the request of a Federal board, presumably to carry on in Pennsylvania activities sponsored throughout the nation by the Federal board. It has no sanction in the statutes of Pennsylvania, and therefore, it would have no authority in itself to expend State funds for any purpose. Consequently, the mere employment of the director by the board could create no obligation on the State to pay him.

However, it is said that his work is considered to be of considerable help to several State departments, and on that basis it is suggested that he might be paid from departmental appropriations. The difficulty with that proposal is that he was not employed by those departments or by any department of the State government. He was engaged by the Planning Board to work for it, in carrying out the purposes of the National Resources Board. He cannot now be paid by the State departments for past services which, so far as those departments were concerned, were rendered by him solely as a volunteer, while he was working for an extra-legal body which could not incur any obligation for the Commonwealth. Even the legislature could not now constitutionally pass an act authorizing payment for such past services: Constitution of Pennsylvania, art. III, sec. 11; Shiffert v. Montgomery County (No. 1), 5 Dist. R. 568 (1896).

We now turn to the question of the payment of a salary to the director from State funds for services after October 11, 1934.

Irrespective of any other considerations which may bear on this question, the principles above stated as to services rendered prior to October 11, 1934, would operate to prevent the fixing of any salary retroactive to October 11th. However, there are other obstacles which would make it illegal to pay this man any salary from State funds for any period after October 11, 1934, past or future, under existing circumstances.

Article XII, sec. 2 of the State Constitution provides:

"No member of Congress from this State, nor any person holding or exercising any office or appointment of trust or profit under the United States, shall at the time hold or exercise any office in this State to which a salary, fees or perquisites shall be attached. The General Assembly may by law declare what offices are incompatible."

That section is self-executing; no act of the legislature is needed to make it effective: DeTurk v. Commonwealth, 129 Pa. 151 (1889).

462

The man here in question holds a Federal appointment for which he is paid a salary amounting to over $7,500 a year. There could be no doubt that he is thus holding and exercising an office or appointment of trust or profit. It is now proposed to pay him from State funds for acting as director of the State Planning Board. In our opinion that would be exercising an office in this State. The legal impossibility of paying a State salary under these circumstances, in view of article XII, sec. 2 of the Constitution, is too apparent to require further comment.

Therefore, we advise you that under the circumstances stated earlier in this opinion, it would not be lawful to pay from State funds to the director of the State Planning Board any salary or compensation for services rendered while he holds an office or appointment of trust or profit under the United States. Nor would it be lawful to carry out the proposal of paying the director from certain State department appropriations for the period prior to the time he was put on the Federal payroll, since he was not employed by those departments and was not intended to be their employe.

From C. P. Addams, Harrisburg, Pa.