# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Nomination Petition of : 
Joe Gale, Candidate for :
Lieutenant Governor :
                             :   No. 112 M.D. 2018
                             :   Heard:  March 16, 2018
Zachary Brillhart, Michael A. Cibik, :
Ellen Cox, Joel Sears, and :
Joshua J. Young, Objectors :

**BEFORE:  HONORABLE P. KEVIN BROBSON, Judge**

**OPINION BY JUDGE BROBSON**        **FILED:  March 20, 2018**

Before this Court is a petition filed by Zachary Brillhart, Michael A. Cibik, Ellen Cox, Joel Sears, and Joshua J. Young (Objectors) to set aside the nomination petitions of Joe Gale (Candidate) as a Republican candidate for the office of Lieutenant Governor.  For the reasons set forth below, the Court will grant the petition to set aside.

Candidate seeks to appear on the ballot in the Republican Primary Election scheduled for May 15, 2018 (2018 Republican Primary).  Candidate's affidavit, filed with Candidate's nomination petitions, contains a signed and sworn statement by Candidate that he is eligible for the office of Lieutenant Governor.  Objectors challenge Candidate's affidavit on the basis that Candidate is not eligible under Article IV, Section 5 of the Pennsylvania Constitution, which provides:

> No person *shall be eligible to the office of* Governor, *Lieutenant Governor* or Attorney General except a citizen of the United States, *who shall have attained the age of 30 years*, and have been seven years next preceding his

election an inhabitant of this Commonwealth, unless he shall have been absent on the public business of the United States or of this Commonwealth. No person shall be eligible to the office of Attorney General except a member of the bar of the Supreme Court of Pennsylvania.

(Emphasis added.) Specifically, Objectors aver that Candidate was born on March 24, 1989, and is, therefore, currently 28 years old. Objectors correctly aver that the 2018 Republican Primary is scheduled for May 15, 2018; the General Election is scheduled for November 6, 2018 (General Election); and the Lieutenant Governor's term of office begins on January 15, 2019.[1] Objectors further aver that on each of the above relevant dates Candidate will be 29 years of age, and Candidate will not attain the age of 30 years until March 24, 2019.[2]

On March 16, 2018, the Court conducted a hearing on both this matter and the petition to set aside Candidate's nomination petitions filed by Sklaroff. During the hearing, the Court admitted into evidence, without objection, four exhibits that Objectors offered. One of the exhibits is titled Joint Stipulations and is executed by counsel for Objectors and Candidate. No additional evidence was offered or admitted at the hearing. The Joint Stipulation confirms the material facts alleged by Objectors regarding Candidate's age and date of birth. There is, therefore, no dispute that Candidate will not have attained 30 years of age prior to the 2018 Republican Primary Election, the 2018 General Election, or January 15, 2019, the date on which the next term of the Lieutenant Governor begins under the Pennsylvania Constitution. Candidate, nevertheless, maintains that he is "eligible"

---

[1] Pursuant to Article IV, Sections 3 and 4 of the Pennsylvania Constitution, the Lieutenant Governor's term of office begins on the third Tuesday of January after the General Election. Thus, the next term of office for the position of Lieutenant Governor begins on January 15, 2019.

[2] Robert B. Sklaroff (Sklaroff) similarly filed a petition to set aside Candidate's nomination petitions, challenging Candidate's eligibility on the basis of age, which is docketed before this Court as *In Re: Nomination Petition of Joseph C. Gale*, No. 116 M.D. 2018.

2

to run for Lieutenant Governor, but if successful will be "disabled" due to age from assuming the office until he attains the age of 30 years. He, therefore, urges the Court to deny the petition to set aside.

Section 910(d) of the Pennsylvania Election Code[3] requires that a candidate for state office must file an affidavit with the candidate's nomination petitions, stating, in relevant part, that the candidate "is eligible for such office." Article IV, Section 5 of the Pennsylvania Constitution provides, in part, that "[n]o person shall be *eligible* to the office of . . . Lieutenant Governor . . . except a citizen of the United States, who shall have attained the age of 30 years." (Emphasis added.) With respect to interpreting provisions of the Pennsylvania Constitution, the Pennsylvania Supreme Court had directed:

> In a case . . . which calls upon the court to construe an Article of the Pennsylvania Constitution, the fundamental rule of construction which guides us is that the Constitution's language controls and must be interpreted in its popular sense, as understood by the people when they voted on its adoption.

*Ieropoli v. AC&S Corp.*, 842 A.2d 919, 925 (Pa. 2004).

In this Court's assessment, the language of the age requirement in the Pennsylvania Constitution for Lieutenant Governor could not be clearer. To be Lieutenant Governor, a person must "have attained the age of 30 years." This is an example of the use of the future perfect verb tense. Its use denotes an action that will be completed before a certain time in the future. The Gregg Reference Manual ¶ 1033(c), at p. 222 (7th ed. 1993). The Court believes that the "certain time in the future" is the date on which the next ensuing term for Lieutenant Governor begins following the General Election. The Court, however, need not definitively

---

[3] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 2870(d).

rule on whether Candidate must have attained the age of 30 years at the time of the 2018 Republican Primary, the General Election, or January 15, 2019, the beginning of the next term for Lieutenant Governor under the Pennsylvania Constitution. Here, the Candidate is not now nor will he "have attained" the age of 30 years at any point prior to January 15, 2019. Moreover, the Court refuses to accept a construction that makes the certain time in the future flexible depending on the actual age and birthdate of the candidate. Such could not have been the intent of the people who voted in favor of the age threshold, a point Candidate's counsel conceded at the hearing. For purposes of this case, it is adequate to hold that in order to be eligible to hold the office of Lieutenant Governor, the candidate must have attained the age of 30 years by the third Tuesday of January after the General Election, at the latest.

Our Supreme Court's decision in *Commonwealth ex. rel. Kelley v. Keiser*, 16 A.2d 307 (Pa. 1940) (*Keiser*), supports this construction of the age requirement. In the context of a quo warranto action,[4] the Supreme Court in *Keiser* considered whether a duly-elected magistrate must be removed from office because he had not reached the prescribed age when his term of office began and did not attain that age until five days later, when he took the oath and assumed the duties of the office. With regard to the question of when a person elected or appointed to office must satisfy a constitutional or statutory requirement relating to qualifications for that office, the Supreme Court explained:[5]

> The question as to when a person elected or appointed to office must satisfy a constitutional or statutory requirement relating to qualifications is quite

_____

[4] Quo warranto is an action to oust a person from public office. *See Spykerman v. Levy*, 421 A.2d 641 (Pa. 1980).

[5] On appeal, the Supreme Court in *Keiser* adopted and republished as its own the opinion of the President Judge of the Court of Common Pleas of Philadelphia.

4

confused, both in this state and elsewhere. *Upon this subject there seem to be two principal lines of authority: one holding that the qualification is determined as of the date of election, and the other, as of the commencement of the term.* There are also a few authorities holding that the officer need not be qualified prior to taking the oath of office, while other cases hold that it is sufficient if the qualification exists at the time the proceeding[s] are brought to test his title. While these apparently conflicting cases may not be completely reconcilable, we think that they can in the main be harmonized by classifying them according to the nature of the qualification and the character of the office involved. In the early case of *Commonwealth v. Pyle*, 18 Pa. 519 [(1852)], these cases were classified in the following manner, at page 521: "Where the constitution or a statute declares that certain disqualifications shall render a person ineligible to an office, he must get rid of his disqualification before he is appointed or elected. . . . But if the law merely forbids him to hold or enjoy the office, or exercise its duties, it is sufficient if he qualifies himself before he is sworn."

*Subsequent cases have more precisely defined the latter class and the test has been declared to be whether the officer is qualified prior to the commencement of his term, rather than before he is sworn.* Thus it was stated in *Mosby v. Armstrong*, . . . 139 A. 151[ (Pa. 1927)], at page 153: "where 'the law merely forbids' one 'to hold or enjoy' an office . . . , it is sufficient if the candidate becomes qualified before the time arrives for him to assume the post in question."

In 88 A.L.R. 812, *it is noted that great conflict of opinion exists on this problem, but that, even where eligibility is not determined as of the date of election, courts "are inclined to hold that removal of disqualifications before the time fixed for commencement of the term of office qualifies the incumbent."* A number of Pennsylvania decisions are there cited in support of this proposition.

*A few cases in this state hold that the disqualification may be removed after the commencement of the term, but these all involve the holding of incompatible offices under circumstances where the*

5

> *constitution or statute failed to provide a penalty therefor.* In them, the court held that, if the office holder makes a choice between the incompatible offices and cna [sic] so answer at the time of quo warranto proceedings, he may continue in the office he has chosen. *De Turk v. Commonwealth*, . . . 18 A. 757[ (Pa. 1889)]; *Commonwealth v. Kelly*, . . . 100 A. 272[ (Pa. 1917)]; *Commonwealth v. Snyder*, . . . 144 A. 748[ (Pa. 1929)]. These cases dealing with incompatible offices are clearly distinguishable from cases involving such fundamental a priori qualifications as age, citizenship, domicile and the like. The former involve conditions of holding the office, the latter prerequisites for assuming it. Thus, in the case of age and similar qualifications, it was held in *Spitzer v. Martin*, 1917, 130 Md. 428, 100 A. 739, that this qualification must be possessed at the date of election.

*Keiser*, 16 A.2d at 310-11 (emphasis added). In affirming the judgment of ouster entered by the court of common pleas, our Supreme Court in *Keiser* further explained:

> From the standpoint of the public interest in the continuity of office, it is equally important that an elected officer shall be eligible to hold the office from the beginning of its term. Circumstances such as illness, unavoidable absence at the beginning of the term and the like, may excuse his entering upon the duties of the office immediately, so that he may not be removable for failing to do so. *But he cannot require that an office, the public need for which is sufficiently evidenced by its creation and existence, shall remain vacant for any length of time while he is qualifying himself to assume it.* This is not the case of an office with an indefinite term which may begin at any time, and in which, therefore, it is sufficient if the disqualification has been removed when the writ issues to test the incumbent's right to hold it. The term of a magistrate is fixed, with a definite beginning and ending; and we therefore conclude that the respondent, having lacked the required age of 35 years when his term began, *is ineligible to hold the office* to which he was elected, and into which he is now unlawfully intruding.

*Id.* at 312 (emphasis added).

6

The Court acknowledges that the Supreme Court in *Keiser* was not considering the eligibility requirements for the office of Lieutenant Governor. Regardless, the Supreme Court made clear that there are two different tests that may be applied under different circumstances to determine whether a candidate or candidate-elect is qualified for an office—one requires the candidate or candidate-elect to be qualified at the *time of election* and the other at the *beginning of the term of office*. Our Supreme Court in *Keiser* specifically rejected the argument that a candidate or candidate-elect who has not attained the age of eligibility for an office may simply wait to assume the office until the non-eligibility has passed. Here, it is undisputed that Candidate will not have attained the required age as of any of the relevant dates. Thus, it is clear to this Court, under both the Pennsylvania Constitution and our Supreme Court's rationale in *Keiser*, that Candidate does not meet the eligibility requirements for Lieutenant Governor, regardless of whether age is determined at the time of the election or at the time when the Lieutenant Governor term begins, because Candidate will be 29 years of age on those dates. Nothing in the Pennsylvania Constitution or *Keiser* allows a candidate to assume an office at a date after the start of the term of the office as a result of ineligibility due to age.

Candidate attempts to bolster his eligibility to run for the office of Lieutenant Governor by directing this Court to Article IV, Section 14 of the Pennsylvania Constitution. This section, titled "Vacancy in Office of Lieutenant Governor," provides, in relevant part:

> In case of the death, conviction on impeachment, failure to qualify or resignation of the Lieutenant Governor, or in case he should become Governor under the preceding section, the President pro tempore of the Senate shall become Lieutenant Governor for the remainder of the term. In case of the disability of the Lieutenant Governor, the powers, duties and emoluments

7

> of the office shall devolve upon the President pro tempore
> of the Senate until the disability is removed. . . .

Pa. Const., art. IV, § 14 (emphasis added). Candidate contends that the second sentence, relating to "disability of the Lieutenant Governor," contemplates his situation and provides for a temporary solution where a successful candidate for the office is not yet of age to assume the office of Lieutenant Governor. In doing so, Candidate likens his lack of attaining the constitutionally-required age at the inception of the term of the Lieutenant Governor to a "disability," such that the President pro tempore of the Senate would assume the powers, duties and emoluments of the office until the disability is removed—*i.e.*, until Candidate attains the age of 30 years. Candidate further contends that under the second sentence of the section, once Candidate attains the age of 30 years, his "disability" would be removed and he would be able to assume the office of Lieutenant Governor.

Candidate's reliance on the second sentence of Article IV, Section 14 is misplaced. The word "disability" is generally defined as "lack of physical, intellectual or emotional capacity or fitness," whereas the word "qualify" is generally defined as "to measure up to or meet a set standard or requirement." Webster's Third New International Dictionary 642, 1858 (1993). Here, if Candidate is allowed to remain on the ballot and wins the election, on January 15, 2019, he will without question fail to "meet a set standard or requirement" that he "shall have attained the age of 30 years." Based on the ordinary definitions of the terms "disability" and "qualify,"[6] as between the two, Candidate will not be qualified to

---

[6] In characterizing his ineligibility due to age as a "disability," Candidate cherry picks a single sentence from *Keiser*, which provides:

> To permit an ineligible candidate-elect to delay entering upon the duties of his office after his term begins, until the *disability* is removed by time or at his own

8

hold the office of Lieutenant Governor. A lack of qualification of a successful candidate would trigger *the first sentence* of Article IV, Section 14 of the Pennsylvania Constitution, not the second. Under that provision, the President pro tempore does not merely assume the duties of Lieutenant Governor, he *becomes* the Lieutenant Governor for the duration of the term. Accordingly, if Candidate prevails in the upcoming General Election, the President pro tempore of the Pennsylvania Senate will be the Commonwealth's next Lieutenant Governor, and Candidate will not be able to displace him in that office upon reaching the age of 30 years.

Accordingly, the Court grants Objectors' petition to set aside Candidate's nomination petitions.[7]

---

P. KEVIN BROBSON, Judge

---

caprice, would work a species of fraud upon the electorate, and pro tanto create an interregnum in office incompatible with that continuity in government which is essential to its proper and efficient functioning.

*Keiser*, 16 A.2d at 312 (emphasis added). In addition to this single use of the term "disability," the Supreme Court frequently throughout its opinion references age as a "qualification" for determining eligibility and uses the word "disqualification" as opposed to "disability." Moreover, as Candidate points out, *Keiser* involved a minimum age requirement imposed by statute, not interpretation and application of a constitutional provision relating to eligibility and qualification to hold the office of Lieutenant Governor. Thus, Candidate's reliance on *Keiser* as establishing his youth as a "disability" as opposed to a disqualification or issue of eligibility is misplaced.

[7] The Court sees nothing in federal case law or the United States Constitution that requires a different result, despite Candidate's contention that federal case law supports his position.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Nomination Petition of : 
Joe Gale, Candidate for : 
Lieutenant Governor : 
                                     :   No. 112 M.D. 2018
Zachary Brillhart, Michael A. Cibik, : 
Ellen Cox, Joel Sears, and : 
Joshua J. Young, Objectors :

# **O R D E R**

AND NOW, this 20th day of March, 2018, upon consideration of the petition filed by Zachary Brillhart, Michael A. Cibik, Ellen Cox, Joel Sears, and Joshua J. Young (Objectors) to set aside the nomination petitions of Joe Gale (Candidate) as a Republican candidate for the office of Lieutenant Governor, the Court having concluded that Candidate does not meet the eligibility requirements for the office of Lieutenant Governor, it is hereby ordered:

1. The petition to set aside the nomination petitions of Joe Gale as Republican Candidate for the office of Lieutenant Governor is GRANTED.

2. The Secretary of the Commonwealth is directed to REMOVE the name of Joe Gale as a Republican candidate for the office of Lieutenant Governor from the ballot for the Republican Primary to be held on May 15, 2018.

3. The Chief Clerk shall notify the parties hereto and their counsel of this order and also certify a copy hereof to the Secretary of the Commonwealth.

 

_____
P. KEVIN BROBSON, Judge