92     COM. ex rel. RYAN *v.* HAESELER, Appellant.

Syllabus—Statement of Facts.          [161 Pa.

## Com'lth ex rel. Ryan *v.* Haeseler, Appellant.

*Public officers—Incompatible office—School treasurer—School director—Act of Feb.* 17, 1859.

In the county of Schuylkill the same person cannot, under the act of Feb. 17, 1859, P. L. 51, hold at the same time the offices of school treasurer and school director.

*Quo warranto—Court of common pleas—Jurisdiction.*

The court of common pleas has jurisdiction by quo warranto to determine whether the offices of school treasurer and school director are incompatible.

*Incompatible offices—Election by incumbent.*

Where a person holds two incompatible offices he has the right to elect which of the two he shall retain. If he make such election the court in quo warranto proceedings will enter judgment of ouster in accordance with the election. If he neglects or refuses to make election, judgment will be entered in accordance with the petition of the relator.

Argued Feb. 14, 1894. Appeal, No. 303, Jan. T., 1894, by defendant, Francis S. Haeseler, from judgment of C. P. Schuylkill Co., Sept. T., 1893, No. 8, on demurrer to answer to petition for writ of quo warranto. Before Sterrett, C. J., Green, Williams, Mitchell and Fell, JJ. Modified.

Quo warranto ; demurrer to answer. Before Weidman, J.

From the pleadings it appeared that, on Feb. 15, 1893, Francis S. Haeseler was elected a school director in Pottsville. On the same day the school board met and elected him treasurer, and he accepted the office. Subsequently a petition was filed in the name of James W. Ryan, the district attorney, for a writ of quo warranto to oust Haeseler from the office of treasurer. Defendant filed an answer denying the jurisdiction of the court and denying that the position of treasurer was an office. The answer also averred that the act of May 8, 1854, P. L. 617, was not repealed by the act of Feb. 17, 1859, P. L. 51. The relator demurred to the answer. The court entered the following decree:

" And now, January 8, 1894, judgment of ouster against the defendant, Francis S. Haeseler, is hereby decreed, the commonwealth to recover her costs, to be taxed according to law."

COM. ex rel. RYAN *v.* HAESELER, Appellant.        93

1894.]        Assignment of Error—Arguments.

*Error assigned* was above decree, quoting it.

*Guy E. Farquhar, A. W. Schalck* with him, for appellant.—
The court of common pleas has no jurisdiction: Acts of March 21,
1806, 4 Sm. L. 332; June 14, 1836, P. L. 621; Leib v. Com.,
9 Watts, 200; Blickensderfer v. School Directors, 20 Pa. 38;
Frackville Borough Accounts, 94 Pa. 56.

The proviso of the act of Feb. 17, 1859, P. L. 51, is ineffec-
tive and absolutely worthless. If the proviso was not intended
to restrain the general clause, it was a nullity: Ihmsen v. Nav.
Co., 32 Pa. 153; Potter's Dwar. Stat., ed. 1871, p. 188; Minis
v. United States, 15 Pet. 423; Wayman v. Southard, 10
Wheat. 1.

A proviso in a statute is to be strictly construed; it takes no
case out of the enacting clause which is not fairly within the
terms of the proviso: U. S. v. Dickson, 15 Pet. 141; Minis v.
U. S., 15 Pet. 423; Huidekoper v. Burrus, 1 Wash. C. C. 119.

To give effect to a statute repealing a former statute, the re-
pealed statute must be so pointed out as to leave no doubt what
statute was intended: Com. v. Ry., 52 Pa. 506; 1 Bl. Com.,
Sharswood's ed., note, 34, p. 67.

Statutes are to be construed as near to the use and reason of
the prior law as may be, when this can be done without viola-
tion of its obvious meaning: Ihmsen v. Nav. Co., 32 Pa. 157.

Later statutes, which do not abrogate settled practice, or re-
peal former statutes, are to be expounded as near to the use
and reason of the prior law as can be without violation of their
intent: Smith v. Wehrly, 157 Pa. 407; Cumberland Co. v.
Boyd, 113 Pa. 52; Acts of April 30, 1879, P. L. 33; May 8,
1876, P. L. 154; Cadbury v. Duval, 10 Pa. 265; Hendrix's
Account, 146 Pa. 285.

It is an established rule of construction that general words
and phrases, however wide and comprehensive in their literal
sense, must be construed as strictly limited to the immediate
objects of the act, and as not altering general principles of the
law: Seiders v. Giles, 141 Pa. 93.

Personal statutes and statutes in derogation of common law
rights must be strictly construed: Potter's Dwar. Stat. § 245;
Com. v. Wells, 17 W. N. 164; 19 A. & E. Ency. 408; 1 Bl.
Com., Sharswood's ed., p. 65, note 29.

94      COM. ex rel. RYAN *v.* HAESELER, Appellant.

Arguments.      [161 Pa.

The position of a school director is one of burden and trust, and not of profit. It is of such an inferior grade that it cannot even be considered in law as a public or municipal " office " within the incompatibility clause of the constitution. Hence a school director may serve as an election officer: McPherson's Contested Election Case, 11 Phila. 645; s. c., 2 Leg. Rec. R. 135.

School districts are not municipal corporations, neither are school directors " municipal officers," and therefore they are not ineligible to certain offices from which the " officers " of any municipality are excluded: Heller v. Strermel, 52 Missouri, 309; 19 A. & E. Ency. L. 409; 2 Beach on Pub. Corp. § 7.

School districts have rather the characteristics of private corporations. They are mere agencies of the state, for the sole purpose of administering and carrying out its educational purposes, under the act of 1854: Com. v. Beamish, 81 Pa. 390; School District v. Fuess, 98 Pa. 606; Ford v. School District, 121 Pa. 543; Wharton v. School District, 42 Pa. 358; Colvin v. Beaver, 94 Pa. 388; Briegel v. Phila., 135 Pa. 458; Act of Feb. 17, 1854, § 9, P. L. 25; Butler Township School District Case, 158 Pa. 159.

Quo warranto does not lie: Philips v. Com., 98 Pa. 394; Com. v. Murray, 11 S. & R. 73; 1 Dillon on Mun. Corp. § 212, note 2; 2 Ib. § 852, p. 1085, § 899, p. 1086, § 900; High on Ex. Rem. § 617, p. 448, § 626, p. 455, note 1; King v. Bedford Level, 6 East, 536; King v. Herefordshire, 1 Chit. 700; 2 Beach on Pub. Corp. 1, § 554; Com. v. Cluley, 56 Pa. 270; Com. v. McCarter, 98 Pa. 607.

The appointment of a person to a second office, incompatible with the first, is not absolutely void; but, on his subsequently accepting the appointment and qualifying, the first office is ipso facto vacated: People ex rel. Whiting v. Carrique, 2 Hill, 93; Queen v. Mayor of Banfor, L. R. 18 Q. B. Div. 361; Dillon on Mun. Corp., 4th ed. §§ 25–27; 19 A. & E. Enc. L. 562.

The person holding one of two incompatible offices is not disqualified from being appointed or elected to the other; but his acceptance of the second office is in law an implied resignation of the first: Dillon on Mun. Corp., 4th ed., p. 308, § 225, note 1; also at p. 494 at end of note; DeTurk v. Com., 129 Pa. 160.

*R. H. Koch, James W. Ryan,* district attorney, with him, for appellee.—The common pleas has jurisdiction: Com. v. Allen, Huhn & Shane, 70 Pa. 465; Gilroy v. Com., 105 Pa. 484; Com. v. Shoener, 1 Leg. Ch. R. 177; Mechan's Case, 1 Leg. Ch. R. 305; Com. v. Beamish, 81 Pa. 389; Com. v. Moiser, 5 Luz. L. R. 158; Com. v. Keilley, 4 Phila. 328; Com. v. Bumm, 31 Leg. Int. 340; Com. v. Shepp, 10 Phila. 518; Blair v. School District, 31 Pa. 274; Milton Road, 40 Pa. 300; 1 Bl. Com. 114.

Defendant holds two incompatible offices: Acts of May 8, 1854, P. L. 617; Feb. 17, 1859, P. L. 51; Frackville Borough, 94 Pa. 58; Ihmsen v. Nav. Co., 32 Pa. 157; 23 A. & E. Ency. L. 436; Georgia R. R. & Banking Co. v. Smith, 128 U. S. 174; Stanley v. Colt, 72 U. S. (5 Wall.) 166.

Quo warranto is the proper remedy: Act of June 14, 1836, P. L. 626; Leonard v. Com., 112 Pa. 607; Com. v. Pyle, 18 Pa. 519; Act of April 14, 1840, P. L. 334; DeTurk v. Com., 129 Pa. 151.

OPINION BY MR. JUSTICE WILLIAMS, April 9, 1894:

The purpose of the act of February 17, 1859, is clearly expressed in its title, which is "An act to secure a stricter accountability of certain public officers in Schuylkill county." It enumerates and lays additional requirements upon the township, county and school district officers concerned in the levy, collection, safe-keeping and disbursement of public money. A proviso in the sixth section declares that "No one person shall be eligible to hold more than one township, borough or school district office at one time, except the offices of township treasurer and collector as herein provided." The proviso is limited in its operation to the offices reached by the provisions of the statute, viz., such as are concerned in the levy, collection, safe-keeping and disbursement of the county, township and school moneys. The provisions of the school law are therefore unaffected, except as to the eligibility of a school director to hold at the same time the office of school treasurer. This is distinctly forbidden in the act of 1859, so far as the county of Schuylkill is concerned. The president of the school board is necessarily a director, and his selection to preside at the meeting of the board gives him no additional control of the school funds.

The same thing is true of the secretary. He records the ac-

96    COM. ex rel. RYAN *v.* HAESELER, Appellant.

Opinion of the Court.    [161 Pa.

tion of the board, but his office does not change in any manner his relation to the school funds, whether arising from taxation or from state appropriations. The treasurer, on the other hand, is, by virtue of his office, the custodian of all moneys belonging to the district. The directors authorize the drawing of orders upon him as treasurer, and they audit and settle his accounts. If he is a member of the board of directors, he has a voice in the settlement of his account. He is the accountant, and a part of the body to which he accounts. This was possible under the general school law, but it is prohibited by the act of 1859.

The next question raised is that of jurisdiction. The appellant contends that the court of common pleas has no authority over the officers of a school district upon the writ of quo warranto. It is unnecessary to examine and expound the statutes to show that the jurisdiction exists, for the question has been repeatedly decided. In Field v. The Commonwealth, 32 Pa. 478, the title of the county superintendent of common schools was in question, and the jurisdiction of the common pleas to determine the title on quo warranto was distinctly asserted. In Gilroy's Appeal, 100 Pa. 5, the controversy was over the title of persons claiming to be school directors. The proceeding was by bill in equity. The court held that the remedy by quo warranto was not only an adequate, but the exclusive one, and that equity would not take jurisdiction in such a case. The same doctrine was again asserted in Gilroy v. The Commonwealth, 105 Pa. 484. The question cannot now be considered an open one. The appellant was therefore in the proper court, and upon proper process ; and the court correctly ruled that he could not lawfully hold at the same time the offices of school director and treasurer of the school district.

If the act of 1859 had made him ineligible to appointment while holding office as a director, the appointment made in violation of the law would have conferred no authority and the judgment of ouster would result necessarily from such a state of facts. But the prohibition of the act of 1859 is against the holding of both offices at the same time. The appointment was not void, but when it was made it became the duty of the appointee to determine which place he would resign. He had the right to hold either, but not both. In DeTurk v. Com.,

COM. ex rel. RYAN *v.* HAESELER, Appellant.    97

1894.]                    Opinion of the Court.

129 Pa. 151, this principle was recognized. DeTurk was a postmaster. While holding the office he was elected to the office of county commissioner. The two offices were incompatible. DeTurk made no election, but continued to discharge the duties of both offices, until the writ of quo warranto was served upon him. He then elected to hold the office of commissioner, and accordingly resigned the post office. In his answer he set up these facts, and we held that he had the right to elect, and, having made his election before judgment of ouster, he could rightfully hold the office of county commissioner. In this case no election was made because under the advice of counsel it was believed that the offices were not incompatible. When that question was determined against him we think the appellant should have been allowed to elect which of the incompatible offices he would resign. If he declined or neglected to make such election it would have been the duty of the court to determine which he should be compelled to relinquish.

No other error appears upon this record except that in the form of the decree; and this can be corrected, without injury to the rights of either party, at this time. We accordingly enter the decree that should have been made by the court below:

This case came on for final hearing upon petition and answer, and was argued by counsel, whereupon on consideration thereof it is ordered, adjudged and decreed:

First, that in the county of Schuylkill the same person cannot hold at the same time the offices of school treasurer and school director.

Second, that the respondent, who has heretofore claimed the right to hold both of said offices at the same time, is required to elect forthwith, upon notice of this decree, which of said offices he will hold, and file his election with the prothonotary.

Third, that thereupon judgment of ouster shall be entered herein, in accordance with such election.

Fourth, that upon the neglect or refusal of the respondent to make such election, judgment of ouster be entered in accordance with the petition of the relator.

The costs to be paid by the respondent.

The record is remitted that the foregoing decree may be entered.