## Employment of School Director by School District.

O'HARA, Dep. Att'y-Gen., July 11, 1930.—You have requested our opinion upon the following question:

May a school director, who is elected for the legal term of office, resign his office during the term for which he has been elected and thereafter be employed in any capacity by the school district during the period for which he was elected school director and be compensated for his services.

The School Code of May 18, 1911, P. L. 309, section 226, provides:

"No school director shall, during the term for which he was elected or appointed, be employed in any capacity by the school district in which he is elected or appointed, or receive from such school district any pay for services rendered to the district except as provided in this act."

In our opinion, and you are so advised, the school director may not, during the term for which he is elected or appointed, be employed in any capacity by the school district in which he is elected or appointed, and he may not evade the provision of section 226 of the School Code by resigning his office as school director before the expiration of his term and thereafter accept appointment or employment by the school district within the period for which he was elected.

Under the plain language of section 226, the situation presented by the question here submitted does not fall within the rule which is applied where the Constitution or a statute forbids one to hold or enjoy an office under certain conditions, and under which it has been held sufficient if the electee or

appointee divests himself of his disqualification or becomes qualified before the time arrives for him to assume the duties of his office or appointment: De Turk v. Com., 129 Pa. 151; Com. v. Haeseler, 161 Pa. 92; Com. v. Kelly, 255 Pa. 475; Mosby v. Armstrong, 290 Pa. 517; Com. v. Snyder, 294 Pa. 555.

In the language of People ex rel. Ellis, Att'y-Gen., v. Lennon (Mich.), 49 N. W. Repr. 308, the language used in section 226 of the School Code of 1911 fixes the period of his ineligibility and excludes a construction which would have attached in the absence of that language.

Section 226 of the School Code has not been construed by the appellate courts of this state, but under the language of article II, sections 3 and 6, of the Constitution of 1874, which is identical with that of section 226 of the School Code, this Department, in Common Pleas Judgeship, 4 D. & C. 408, held that a representative in the General Assembly, during the time for which he was elected, could not be appointed to the office of judge of the Court of Common Pleas, and attempts to remove such ineligibility by resignation of office have been passed upon by the appellate courts of other states, and, in so doing, they have construed the language of statutes identical or similar to the provision of section 226 of the School Code.

The general law for the incorporation of cities in the State of Michigan contains the following provision:

". . . 'No alderman shall be elected or appointed to any other office in the city during the term for which he was elected as alderman, . . .' "
and the Constitution of the State of Michigan provides that:

". . . 'no person elected a member of the legislature shall receive any civil appointment within this state or to the senate of the United States from the governor, the governor and the senate, from the legislature, or any other state authority during the term for which he is elected.' . . ."

In People ex rel. Ellis, Att'y-Gen., v. Lennon, supra, the court held that an alderman whose term of office had not expired by limitation was ineligible to hold the office of chief of police, such officer being appointed by the common council and paid from the city treasury, although he had resigned before the appointment was confirmed.

The court, in its opinion, said:

". . . The purpose of these statutes is to prevent officers from using their official positions in the creation of offices for themselves or for the appointment of themselves to place. While the law concedes the right of resignation, it is its policy to take away all inducements to the vacation of office. Statutes should be so construed as to give every word and phrase used its common and approved meaning. If it was the intention of the legislature to limit the prohibition to the term of actual service, or simply to make members of the council or aldermen ineligible to other city offices during the term of actual service, the phrases, 'during the term for which he was elected,' and 'during the period for which he was elected,' are entirely superfluous. The term for which respondent was elected is clearly defined by the charter, and the language, 'the term for which he was elected,' has a clear and well-defined meaning. He was elected to serve for two years whether he served that time or not. The language used in the statute fixes the period of his ineligibility, and excludes a construction which would have attached in the absence of that language. It follows that at the time of his appointment respondent was ineligible, . . ."

Article IV, section 19, of the Constitution of California, which took effect on Dec. 21, 1916, reads as follows:

"No senator or member of the assembly shall, during the term for which he shall have been elected, hold or accept any office, trust, or employment under this state; . . . ."

Chambers was elected as a representative for the term beginning January, 1915, and ending January, 1917, but he resigned on Dec. 19, 1916, to accept another office, and the Supreme Court of that state, in Chenoweth v. Chambers (Cal.), 164 Pac. Repr. 428, held that the word "term" referred to the period for which Chambers was elected and not merely to his incumbency, so that he could not evade the constitutional provision by resignation.

The court, in its opinion, says:

"The word 'term,' used in the section, refers, we think, to the period for which the petitioner was elected, and not merely to his incumbency. . . . . When we speak of the 'term' for which an officer has been elected, we mean the period of time fixed by statute during which he may serve, and not to the time he may happen to serve. . . .

"We need not consider the effect of petitioner's resignation prior to the going into effect of the amendment. . . . We do not think that petitioner succeeded in evading its force by his resignation prior to December 21st; for the section deals with a fixed period of time, to wit, the 'term' of the officer, and not to the period of his incumbency."

Under the provisions of section 5 of article III of the Constitution of Florida, no senator or member of the House of Representatives is eligible for appointment or election during the time for which he was elected to any civil office under the Constitution of that state that has been created, or the emoluments whereof shall have been increased, during such time, and in In re Members of Legislature (Fla.), 39 So. Repr. 63, the Supreme Court of that state held that such ineligibility continues during the entire time for which such member was elected, and such member cannot render himself eligibile during such time by resigning his legislative membership.

These authorities clearly point out with irresistible force the only conclusion to be drawn from the language of the section under consideration.

From C. P. Addams, Harrisburg, Pa.