## Commonwealth ex rel. Storb v. Ressler

176

*W. Roger Simpson* and *Marshall M. Cohen*, for plaintiff.

*Barley, Snyder, Cooper & Mueller*, for defendant.

JOHNSTONE, J., January 18, 1957.—In this action of quo warranto the complaint avers that defendant was appointed to the office of school director in the School District of the Borough of New Holland on October 7, 1953, that he entered into the duties of said office and is presently serving as school director. It is further averred that defendant was elected to the office of county treasurer in and for the county of Lancaster on November 8, 1955, that he took his oath of office on December 31, 1955, and that he entered upon the duties of his office on the first Monday of January, 1956, to wit, January 1, 1956. The complaint further avers that the offices of school director and county treasurer are incompatible and therefore, defendant should be ousted from one or the other of the two offices.

Preliminary objections, in the nature of a demurrer, were filed by defendant in which he states that the complaint fails to plead a cause of action. Four objections are stated but they are merely variations of the same objection and will be treated as one.

The action of quo warranto is the proper one to determine whether an individual is unlawfully holding a public office. In the present case defendant is holding

two offices, and this action is the proper one to determine whether he is entitled to continue holding the office of school director and the office of county treasurer at the same time. The procedure in the action of quo warranto is now controlled by the Pennsylvania Rules of Civil Procedure, and the preliminary objections filed in this case will be treated in the same manner as preliminary objections filed in an action of assumpsit. For the purpose of disposing of defendant's preliminary objections, all facts averred in the complaint are assumed to be true. Under rule 1112 the district attorney of the county is the proper person to institute an action of quo warranto where the challenged office is that of a political subdivision located in the county.

Defendant was elected pursuant to the provisions of article XIV of the Constitution and The General County Law of 1929 which provide that the enumerated county officers, including county treasurer, shall be elected at the municipal election next preceding the expiration of the term of the officer in office and shall hold the office for a term of four years from the first Monday of January following their election. The General County Law of May 2, 1929, P. L. 1278, was repealed as to counties of the third to eighth class by the County Code adopted August 9, 1955, P. L. 323, 16 PS §101 et seq., and became effective the same day, January 1, 1956, defendant assumed the duties of his office.

Under article XII, sec. 2 of the Constitution, the General Assembly has exclusive power to declare what offices are incompatible and when the legislature has spoken, a court has no choice but to enforce the legislative prohibition: Commonwealth ex rel. Schermer v. Franek, 311 Pa. 341, 347. The General County Law of 1929, sec. 52, contained the following provision relat-

ing to incompatible offices: "No county officer shall, at the same time, serve as a member of council of any city, borough, or town, nor as school director of any school district." The County Code of 1955, sec. 402 (*a*), contains the following provision relating to incompatible offices, which for the present purpose is identical with The General County Law of 1929: "No elected county officer or county solicitor shall, at the same time, serve as a member of the legislative body of any city, borough, town or township of any class, nor as school director of any school district, nor as a member of any board of health." It is, therefore, clear beyond any doubt that the law relating to the office of county treasurer prior to and at the time defendant was elected, at the time defendant assumed the duties of his office and up to the present time, made the office of county treasurer and school director incompatible. Unless there is some provision outside the law applicable to county offices which removes this prohibition, then defendant cannot serve both as county treasurer and as school director of the Borough of New Holland at the same time.

It is argued by defendant that the Public School Code of 1949 by implication repealed the incompatible offices provision of The General County Law of 1929 and at the time defendant was nominated, elected and took the oath of his office, there was no prohibition against a school director holding the office of county treasurer. Section 322 of article III of the Public School Code of March 10, 1949, P. L. 30, 24 PS §3-322, which relates to the eligibility of school directors and offices incompatible with that of school director, provides as follows: "Any citizen of this Commonwealth, having a good moral character, being twenty-one (21) years of age or upwards, and having been a resident of the district for at least one (1) year prior to the date of his election or appointment, shall be eligible to the

office of school director therein: Provided, That any person holding any office or position of profit under the government of any city of the first class, or the office of mayor, chief burgess, county commissioner, district attorney; city, borough, or township treasurer; member of council in any municipality, township commissioner, road supervisor, tax collector, assessor, assistant assessor, any comptroller, auditor, constable, county superintendent or assistant county superintendent, supervisor, principal, teacher, or employee of any school district, shall not be eligible as a school director in this Commonwealth."

It is noted that there are only two county officers mentioned, county commissioner and district attorney, which are ineligible to act as school directors at the same time they hold the said offices. This section of the School Code is merely a reenactment of the corresponding section (article II, sec. 207) of the School Code of May 18, 1911, P. L. 309. Since the office of county treasurer is not mentioned among the list of incompatible offices with that of school director, it would appear that so far as the School Code is concerned, there is no prohibition against a school director being a county treasurer at the same time. We are, therefore, faced with the anomalous situation of a county treasurer being prohibited by the county codes of 1929 and 1955 from acting as a school director, but a school director not being prohibited from acting as a county treasurer at the same time by either of the school codes of 1911 or 1949. In other words, defendant can be a school director and county treasurer at the same time so far as the School Code is concerned, but cannot be a county treasurer and at the same time be a school director because the county codes of 1929 and 1955 specifically provide that he may not so serve.

It is further argued by defendant that since the Public School Code of 1949 repealed all acts or parts

of acts inconsistent therewith, the section of The General County Law of 1929 relating to incompatible offices was repealed by virtue of the failure of the legislature to name specifically the office of county treasurer as incompatible with the office of school director. Defendant, in support of this position invokes the provision of the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 91, 46 PS §591, which states that "a later law shall not be construed to repeal an earlier law unless the two laws are irreconcilable." Statutes may be repealed by implication but the law does not favor such repeals and courts are slow to hold that one statute has repealed another by implication except when the new law contains provisions which are contrary, repugnant or irreconcilable with the earlier law: Kelly v. Philadelphia, 382 Pa. 459; H. C. Frick Coke Co. Appeal, 352 Pa. 269; Kingston Borough v. Kalanosky, 155 Pa. Superior Ct. 424. If the earlier law is not expressly repealed, then it can only be repealed by necessary implication if the later law is repugnant to the earlier law: United States Steel Co. v. Allegheny County, 369 Pa. 423.

In the present case if the Public School Code of 1949 and The General County Law of 1929 can be read together and the provisions of the two acts relating to incompatible offices can be reconciled, then the Statutory Construction Act controls the situation and the School Code should not be construed to have repealed the County Code. The question of whether one statute has repealed another by implication is one of legislative intent, but the intent must be clear and will not be inferred unless the provisions of the two acts are so repugnant and irreconcilable as to render it impossible for both to stand: Pittsburgh Public Parking Authority Petition, 366 Pa. 10; In re Newton's Estate, 354 Pa. 146.

If the Public School Code of 1949 had specifically stated that the list of incompatible offices mentioned in section 322 was all-inclusive, then we would agree that defendant's position has merit, for then the later law, being irreconcilable with the earlier law, would by implication repeal the earlier law. However, it will be presumed that the legislature, in enacting a statute, acted with full knowledge of existing statutes relating to the same subject, and where express terms of repeal are not used, the presumption is always against an intention to repeal an earlier statute: Borough of Kingston v. Kalonsky, supra. In writing the School Code, it would have been unnecessary for the legislature to mention the two offices of county commissioner and district attorney as being incompatible with that of school director since all county offices were made incompatible with that of school director by the County Code. However, to have repeated the two offices of county commissioner and district attorney in the School Code is merely repetitious and not irreconcilable or repugnant to the then existing provisions of the County Code. As was stated before, section 322 of School Code of 1949 was a reenactment of the corresponding section of the School Code of 1911 and it is apparently true that at the time the School Code of 1911 was written, the legislature only intended that county commissioners and district attorneys could not at the same time be school directors. The fact that this provision in the School Code of 1911 was carried into the new code of 1949 does not make it repugnant to the County Code of 1929 since the Public School Code merely repeats and continues in effect the provision of the former School Code relating to incompatible offices. We have no difficulty in reading the two acts together since we do not consider them to be irreconcilable and repugnant to each other. In our opinion, there has been an unbroken chain in the law making the office of county treasurer

incompatible with that of school director, and the Public School Law of 1949 would not have the effect of breaking that chain. Further evidence that the legislature did not intend to repeal the incompatible offices provision of The General County Law of 1929 when it passed the Public School Code of 1949 is found in the fact that the County Code of 1955 contained the same expression of the legislature that all county offices are incompatible with that of school director.

Defendant argues that since he was nominated, elected and took his oath of office prior to the effective date of the County Code of 1955, that act has no bearing on the situation and does not control. Since we have reached the conclusion that The General County Law of 1929 was in effect and prevented defendant from being county treasurer and school director at the same time, it is unnecessary for us to decide whether the date of election or the date of taking office is the controlling date in determining whether the old or new County Code is controlling. We also deem it unnecessary to determine the intention of the legislature when it stated that no county officers shall, at the same time, serve as a school director, rather than a prohibition against a person being *elected* or *appointed* to the two offices. Defendant further argues that the eligibility of a county treasurer is specifically provided for in section 801 of the new County Code and that this section being specific must control the general provisions of section 402, and since the office of school director is not mentioned in section 801, defendant's two offices are not incompatible under the new County Code. We cannot agree with this position since it is apparent that the legislature intended by section 801 to limit further those eligible to the office of county treasurer by adding a restriction preventing a county treasurer from holding any of the other county offices mentioned in this section during his continuance in office.

A thorough search of the reported decisions fails to disclose a case which is in any way helpful in deciding the present case. However, a careful reading of the applicable statutes leads to only one possible conclusion, that the county codes have consistently made the offices of county treasurer and school director incompatible, and the school codes have not expressly or impliedly repealed this prohibition.

Plaintiff has prayed that defendant be ousted from his office either as school director or as county treasurer. However, one holding two incompatible offices is permitted to elect one of the two he desires to resign, but if he declines or neglects to make a choice, then the court determines which of the two offices should be relinquished: Commonwealth ex rel. Ryan v. Haeseler, 161 Pa. 92; Commonwealth ex rel. Appellant v. Snyder, 294 Pa. 555. Plaintiff agreed at the argument in this case that if the preliminary objections are overruled and defendant's two offices declared incompatible, then the relief prayed for could not be had, but defendant would have a choice as to which office he desired to relinquish.

And now, January 18, 1957, for the reasons herein stated, the preliminary objections filed by defendant are overruled, and leave is granted to defendant to file an answer within 20 days from this date.

## Opinion

JOHNSTONE, J., May 17, 1957.—This is an action of quo warranto in which the right of defendant to hold the office of school director of New Holland Borough and the office of treasurer of Lancaster County at the same time is challenged. Preliminary objections were filed to plaintiff's complaint and, after argument, this court overruled the preliminary objections in an opinion filed on January 18, 1957. Pursuant to leave granted by the court, defendant filed an answer to

plaintiff's complaint. This matter is now before the court for the second time on plaintiff's motion for judgment on the pleadings.

Defendant admits in his answer that he is now holding both the office of school director and the office of county treasurer but denies that the two offices are incompatible and that he is not entitled to hold both offices at the same time. Under "new matter" defendant averred that he was nominated for the office of county treasurer on May 17, 1955, took the oath of office on December 31, 1955, and entered upon the duties of that office on January 2, 1956. It is also averred that the County Code of 1955 was enacted on August 9, 1955, and became effective on January 2, 1956.

All of the facts averred in defendant's answer and new matter were before the court when the opinion of January 18, 1957, was filed and nothing new has been averred which was not considered by the court in arriving at its opinion. At that time, the court held that the offices of school director and county treasurer are incompatible and that defendant could elect which of the two offices he wished to continue holding. Defendant has averred no new facts nor presented any new reasons why the court should change its prior ruling. The court, therefore, reaffirms its opinion of January 18, 1957, and determines that defendant cannot continue holding both offices but must elect which one he desires to continue to hold.

And now, May 17, 1957, the motion for judgment on the pleadings is sustained and judgment is entered in favor of plaintiff and against defendant. Unless an appeal is taken from this order, defendant shall file with this court his election in writing stating which of the two offices he desires to hold. Such election shall be made within 30 days after this order becomes final.